MATTHEW BENDER & COMPANY, INC., Plaintiff,

Hyperlaw, Inc., Intervenor–Plaintiff–Appellee,

v.

WEST PUBLISHING CO. and West Publishing Corporation, Defendants–Appellants.

Docket No. 01–7850.

United States Court of Appeals, Second Circuit.

July 17, 2002.

**508**

James F. Rittinger, Joshua M. Rubins, Satterlee Stephens Burke & Burke LLP, New York, NY, for Appellants.

Paul J. Ruskin, Douglaston, NY; Carl J. Hartmann, III, New York, NY; Alan D. Sugarman, New York, NY, of counsel, for Appellee.

Present CABRANES, STRAUB and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and is **RE-VERSED.**

Defendants West Publishing Co. And West Publishing Corporation (collectively, "West") appeal from a judgment entered on July 2, 2001, by Judge Martin awarding Intervenor–Plaintiff Hyperlaw Inc. $813,824.25 for attorneys' fees and costs incurred in a suit brought under the Copyright Act. Because we conclude that the record does not support the District Court's finding that West acted in "bad faith," we reverse the judgment of the District Court.

The instant appeal represents the fourth time this dispute has reached our Court. *See Matthew Bender & Co. v. West Publ'g Co.,* 158 F.3d 674 (2d Cir.1998); *Matthew Bender & Co. v. West Publ'g Co.,* 158 F.3d 693 (2d Cir.1998); *Matthew Bender & Co. v. West Publ'g Co.,* 240 F.3d 116 (2d Cir. 2001) (*"Hyperlaw III"*). The judgment appealed from resulted from proceedings after our remand in *Hyperlaw III,* in which we vacated an identical award of fees and costs. *See Hyperlaw III,* 240 F.3d at 118.

In *Hyperlaw III,* we held that "West did not act unreasonably by refusing to cooperate with Hyperlaw before the initiation of suit." 240 F.3d at 125. We stated:

Assuming West *legitimately believed that its products were protected*—a reasonable belief, in light of the previous court decisions on the same issue—it had no duty to "recognize[ ] that there was an open question concerning its right to assert copyright protection in court opinions" and had the right vigorously to challenge any actions by Hyperlaw that might infringe on its copyrights. A party's *good faith* refusal to cooperate with a suspected infringer prior to the filing of suit is not a proper ground for the award of attorneys' fees to the prevailing party in the subsequent suit.

*Id.* (emphasis added).

Because we found it unclear precisely what conduct on West's part the District Court relied upon in awarding fees, however, we vacated the judgment on fees and remanded for further clarification. *See Hyperlaw III,* 240 F.3d at 126–27. We noted that "[a]ny fees [the District Court] awards should be related to costs or expenses incurred as a direct result of bad faith conduct by West." *Id.* at 126. Thus, on remand, Hyperlaw bore the burden of (1) identifying specific actions of West that were taken in bad faith, and (2) linking that conduct to costs it incurred as a result.

The District Court found on remand, however, that Hyperlaw did not link specific acts taken in bad faith to discrete costs it incurred. *See Matthew Bender & Co. v. West Publ'g Co.,* No. 94 Civ. 0589, 2001 WL 740781, at *6 (S.D.N.Y. July 2, 2001). Thus, the District Court properly considered only whether West's conduct of the entire litigation was in bad faith. *See id.* at *7 ("[I]t appears that this is an all or

nothing affair. Either Hyperlaw is entitled to recover the entirety of its attorneys' fees, or it has failed to establish a link between specific bad faith conduct and the fees incurred that might justify a more limited award."); *see also Hyperlaw III*, 240 F.3d at 125 ("[B]ad faith in the conduct of the litigation is a valid ground for an award of fees.").

The District Court found that West's conduct throughout its dispute with Hyperlaw indeed had been in bad faith. *See West Publ'g*, 2001 WL 740781, at *3 ("West engaged in bad faith conduct in an attempt to maintain a monopoly in the lucrative market for judicial opinions when it knew that there was little likelihood that it would prevail if the issue was presented to a court."); *id.* ("This Court is persuaded that West did not act in good faith both before and during the course of this litigation."). Put another way, the District Court found that, contrary to what we assumed in *Hyperlaw III*, West did not "legitimately believe[ ] that its products were protected," *Hyperlaw III*, 240 F.3d at 125, and that its refusal to cooperate was not "in good faith," *id.*

In light of our request in *Hyperlaw III* for clarification of the basis for the fee award, the District Court set forth in detail the evidentiary basis for its conclusion that West did not subjectively believe that its claims were meritorious. *See West Publ'g*, 2001 WL 740781, at *1. Specifically, the District Court relied upon the following: (1) West threatened suit against Matthew Bender and Hyperlaw then later falsely denied making the threats; (2) West's conduct of the litigation evinced the desire to prevent the copyright issues from being decided; and (3) West made a concession to Matthew Bender with respect to its New York product inconsistent with a good faith belief in its copyright claim. *Id.* at *4–5. Moreover, the District Court noted that West's reliance on *West Publ'g Co.*

*v. Mead Data Cent., Inc.*, 799 F.2d 1219 (8th Cir.1986) as the basis of its purported "good faith" belief in its claims was substantially undermined by the Supreme Court's decision in *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). *West Publ'g*, 2001 WL 740781, at *3.

We review the District Court's finding of bad faith for clear error. *See Sierra Club v. United States Army Corps of Engineers*, 776 F.2d 383, 390 (2d Cir.1985). Factual findings that are not supported by sufficient evidence are clearly erroneous. *See United States v. Barone*, 913 F.2d 46, 51 (2d Cir.1990).

We hold that the evidence cited by the District Court is insufficient to support its finding of bad faith with respect to West's conduct of the entire litigation. Neither a desire to avoid having an issue decided nor a settlement of an action leads inexorably to the conclusion that the party seeking to avoid adjudication does not believe its claims have merit. Indeed, even if West subjectively believed its claims were valid, it may nevertheless have been rational for West to choose to settle with those competitors that disagreed with it so long as at least some other competitors or potential competitors were deterred by its arguments from engaging in the allegedly infringing conduct and it also believed that there was a substantial risk that a court would rule against it. Thus, neither West's efforts to delay the litigation nor its settlement with Matthew Bender, standing alone, support the District Court's finding of bad faith.

West's false denials that it had threatened Hyperlaw with suit, which were made in support of its motion to dismiss Hyperlaw's declaratory judgment action, may have provided sufficient support for a finding of bad faith with respect to that mo-

tion.[1] Those denials do not, however, even considered in conjunction with West's efforts to avoid an adjudication of the rights it was asserting, support an inference that West subjectively believed that its claims were not valid.

In sum, we hold that Hyperlaw failed to adduce sufficient evidence that West's conduct of the entire litigation was in bad faith, and that, therefore, the District Court's finding of bad faith was clearly erroneous. Accordingly, we reverse the judgment of the District Court.

---

1. Because Hyperlaw did not link that motion to any specific costs, the District Court did not make such a finding.

